UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
KEVIN GAMBLE,

                              Plaintiff,

                                                              9:05-CV-1088
                                                                (LEK)(RFT)

  v.

JERI LORAN, Nurse, Bare Hill Correctional Facility,

                              Defendant.
-------------------------------------------------------------------------
APPEARANCES:

KEVIN GAMBLE
Plaintiff, *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

# DECISION AND ORDER

**I.    Background.**

The Clerk has sent to the Court an amended complaint filed by Kevin Gamble ("Plaintiff" or "Gamble"), who is presently incarcerated at the Elmira Correctional Facility.  Docket No. 7.[1]  The amended complaint was filed in accordance with this Court's Order dated September 7, 2005. Docket No. 4.

The September Order observed that:

While plaintiff seems to be claiming that his constitutional rights have been violated by the defendant, he does not set forth sufficient facts upon which this Court may rely in determining whether a cause of action has been stated.  Further, plaintiff never alleges what injury or damages he allegedly sustained, nor the damages he seeks to recover in this action. Additionally, plaintiff does not clearly state the date on which he was

---

[1] Plaintiff actually filed two different documents that the Clerk docketed as amended complaints. Docket Nos. 5 and 7. The Court has reviewed both documents. However, in light of plaintiff's request for time and assistance to file his amended complaint (Docket No. 6), it appears that plaintiff intended docket number 7 to be his amended complaint.

injured by the alleged actions of the defendant, thus making it impossible for the Court to determine whether this action might be barred by the applicable statute of limitations.

In addition, the Court notes that plaintiff only names one defendant in the caption of his pleading. However, the body of the complaint appears to set forth allegations against individuals other than the named defendant. In any amended complaint filed in accordance with this Order, plaintiff should focus on setting forth the **facts** giving rise to his claims. In addition, plaintiff is advised that he must name, both in the caption and in the body of the complaint, all individuals who he seeks to name as defendants in this action. Finally, when re-drafting his complaint, plaintiff must avoid general allegations of wrongdoing and, rather, set forth the specific alleged acts of wrongful conduct that plaintiff asserts as the basis for his claims. Docket No. 4.

## II.     The Amended Complaint.

A review of the amended complaint submitted by plaintiff reveals that plaintiff has failed to comply with the September Order. In his amended complaint, plaintiff again names one defendant, Nurse Loran. Plaintiff's allegations against her are that the Nurse refused to give him details regarding his diagnosis and, rather, directed plaintiff to meet with a physician to discuss his medical condition. When plaintiff questioned the Nurse as to why she could not inform him about his condition, she allegedly became angry and yelled at him. Thereafter, it appears that the Nurse wrote a misbehavior report about the incident.[2] Plaintiff does not state what he was charged with or what the outcome of the disciplinary matter was. Plaintiff also alleges that officers beat him, but he does not name any officers in the caption of his complaint, or allege who those officers were in the body of the complaint, or allege what, if any, injury he sustained. In

---

[2] Plaintiff alleges that the Nurse "fabricated a lie on a misbehavior report." Docket No. 7, ¶ 6. However, the filing of a false misbehavior report, in itself, does not rise to the level of a constitutional violation. *Freeman v. Rideout*, 808 F.2d 949, 952-53 (2d Cir. 1986).

fact, plaintiff does not seek damages for any physical injury.[3]

In light of plaintiff's failure to set forth a claim upon which relief may be granted, this action will be dismissed, without prejudice. In the event plaintiff wishes to pursue these claims, he may do so by initiating a new action that adequately pleads his claims against the defendant named herein.

Accordingly, it is hereby

ORDERED, that this action is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b)(1), and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further, and it is further

ORDERED, that the Clerk serve a copy this Order on plaintiff by regular mail.

IT IS SO ORDERED.

It is hereby certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Dated: December 20, 2005
       Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[3] In his amended complaint, plaintiff's prayer for relief is "I want a lawyer, the recording tape of the hearing and Nurse Jeri Loran." Docket No. 7, ¶ 9.